# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0452V
UNPUBLISHED

| | |
|---|---|
| RAE ELLEN YOUNG, as administrator for ESTATE OF DIANE HILDEBRANDT,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: January 19, 2023<br><br>Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Leigh Finfer,* Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Ronalda Elnetta Kosh,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON JOINT STIPULATION[1]

On April 17, 2020, Diane Hildebrandt filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), which meets the Table definition, after receiving the influenza ("flu") vaccine on October 17, 2018. Petition at 1, ¶ 2; Stipulation, filed at Jan. 19, 2023, ¶¶ 1-2, 4. Petitioner further alleged she received the vaccine within the United States, that she suffered the residual effects of her alleged SIRVA injury for more than six months, and that neither she nor any other individual has filed a civil action or received compensation for her injury. Petition at ¶¶ 2, 10-11; Stipulation at ¶¶ 3-5.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

---

Case 1:20-vv-00452-UNJ   Document 49   Filed 02/21/23   Page 2 of 8

After Ms. Hildebrandt passed away on May 15, 2020, her daughter Rae Ellen Young was appointed administrator of her estate. Motion to Amend Caption, filed July 1, 2021, ECF No. 24. Ms. Young was substituted as Petitioner in this case. ECF No. 25. "Respondent denies that Ms. Hildebrandt sustained a SIRVA Table injury; denies that the flu vaccine caused Ms. Hildebrandt's alleged shoulder injury, or any other injury; and denies that her death is a sequela of a vaccine-related injury." Stipulation at ¶ 6.

Nevertheless, on January 19, 2023, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

**A lump sum of $15,000.00 in the form of a check payable to Petitioner as legal representative of the estate of Ms. Hildebrandt**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id*.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|   |   |
|---|---|
| RAE ELLEN YOUNG, administrator of the Estate of DIANE HILDEBRANDT, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 20-452V <br> Chief Special Master Corcoran <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Rae Ellen Young ("petitioner"), as administrator of the estate of the deceased, Diane Hildebrandt, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").[1] The petition seeks compensation for an injury allegedly related to Ms. Hildebrandt's receipt of the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Ms. Hildebrandt received the flu vaccine on October 17, 2018.

3. The vaccine was administered in the United States.

4. Petitioner alleges that as a result of receiving the flu vaccine, Ms. Hildebrandt suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") within the Table

---

[1] Initially, the petition was filed by Diane Hildebrandt. However, on July 1, 2021, petitioner moved to amend the caption noting that Rae Ellen Young, Ms. Hildebrandt's daughter, was appointed as administrator of Ms. Hildebrandt's estate and the motion was granted the same day. ECF No. 24, 25.

timeframe. She further alleges that she suffered the residual effects of her alleged injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Ms. Hildebrandt as a result of her alleged vaccine injury.

6. Respondent denies that Ms. Hildebrandt sustained a SIRVA Table injury; denies that the flu vaccine caused Ms. Hildebrandt's alleged shoulder injury, or any other injury; and denies that her death is a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $15,000.00, in the form of a check payable to petitioner as legal representative of the estate of Ms. Hildebrandt, which represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1) and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42

U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), *or entities that provide health services on a pre-paid basis.*

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Ms. Hildebrandt's estate under the laws of the Commonwealth of Virginia. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as legal representative of Ms. Hildebrandt's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of Ms. Hildebrandt's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of Ms. Hildebrandt's estate upon submission of written documentation of such appointment to the Secretary.

13. In return for the payment described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity, as administrator of the estate of Diane Hildebrandt, on her own behalf, and on behalf of the estate and Ms. Hildebrandt's heirs, executors, administrators, successors, or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that

have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Ms. Hildebrandt resulting from, or alleged to have resulted from the flu vaccine administered on October 17, 2018, as alleged in a Petition filed on April 17, 2020, in the United States Court of Federal Claims as petition No. 20-452V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Ms. Hildebrandt's alleged shoulder injury, any other injury, or her death.

17. All rights and obligations of petitioner in her capacity as administrator of the estate of Diane Hildebrandt hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

**PETITIONER:**

*[signature: Rae Ellen Young]*
RAE ELLEN YOUNG

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature: Leigh Finfer]*
LEIGH A. FINFER, Esquire
MULLER BRAZIL
715 Twining Road, Suite 208
Dresher, PA 19025
Telephone: (215) 885-1655
Fax: (215) 885-1644
Email: leighl@myvaccinelawyer.com

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

George R. Grimes -S14
Digitally signed by George R. Grimes -S14
Date: 2023.01.04 17:22:37 -05'00'

CDR GEORGE REED GRIMES, M.D., MPH
Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature: Heather Pearlman]*
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature]*
RONALDA E. KOSH
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
ronalda.kosh@usdoj.gov
(202) 616-4476

Dated: 1/19/2023